United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Sally Williams, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-22340-Civ-Scola |
| | ) |
| MSC Cruises, S.A., Defendant. | ) |

### Order Denying Motion to Stay Discovery

This matter is before the Court upon the Defendant, MSC Cruises S.A.'s ("MSC") motion to stay discovery pending resolution of its motion to dismiss the Plaintiff Sally Williams's ("Williams") amended complaint. (Mot., ECF No. 15.) Williams has responded opposing the stay (ECF No. 19), and MSC has replied (ECF No. 21). For the reasons explained below, MSC's motion to stay discovery is **denied**. (**Mot., ECF No. 15**.)

Williams brings this personal injury action against MSC for its alleged negligence surrounding a purportedly dangerous condition on one of its ships, which led Williams to suffer bodily injuries and other harm. (*See generally* Am. Compl., ECF No. 11.) Specifically, Williams brings claims against MSC for negligent failure to inspect (Count One), negligent failure to maintain (Count Two), negligent failure to remedy (Count Three), negligent failure to warn of a dangerous condition (Count Four), and negligent design, installation, and/or approval of the subject area and the vicinity (Count Five). Williams seeks to recover all damages suffered and costs incurred, as well as all damages and costs that she will suffer and incur in the future, as a result of her injury.

MSC has filed a motion to dismiss Williams's amended complaint, submitting, primarily, that Williams fails to support her negligence claims by plausibly pleading that MSC had actual or constructive notice of the alleged risk-creating condition. (Mot. to Dismiss, ECF No. 14.) That motion is fully briefed, and as noted, MSC asks the Court to stay discovery pending its resolution.

District courts are given "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). As a general rule, motions to dismiss should be resolved as soon as practicable to obviate avoidable discovery costs, especially where a dubious claim appears destined for dismissal. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) ("If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided."). This District's Local Rules make clear, however, that a stay of discovery pending the

determination of a motion to dismiss is the exception rather than the rule. *See* S.D. Fla. Local Rules, App. A, Discovery Practices Handbook I.D(5) (unilateral motions to stay discovery are generally denied). Indeed, "[a] request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case." *See McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (Morris, J.).

To evaluate whether there is a strong likelihood that "the [dismissal] motion will be granted and entirely eliminate the need for such discovery," the district court must take a "preliminary peek" at the merits of the motion. *Feldman v. Flood*, 176 F.R.D. 651, 652-53 (M.D. Fla. 1997) (Corrigan, J.) (citations omitted). The court must also weigh "the harm produced by a delay in discovery" against "the likely costs and burdens of proceeding with discovery." *See id.* at 652 (citations omitted). Both concerns are important—while a defendant should not be forced to expend substantial resources answering discovery when the plaintiff's claims clearly lack merit, the delay and prolongation of discovery can also create case management and scheduling problems and unfairly hold up the prosecution of the case. *See Chudasama*, 123 F.3d at 1368-69; *Feldman*, 176 F.R.D. at 652-53; *see also Kron Med. Corp. v. Groth*, 119 F.R.D. 636, 638 (M.D.N.C. 1988) (Eliason, J.). Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness. *McCabe*, 233 F.R.D. at 685.

Having preliminarily examined MSC's motion to dismiss, Williams's response thereto, and MSC's reply, the Court cannot say that there is such a strong likelihood that the motion will be granted that it outweighs Williams's need to conduct discovery and the potential case management and scheduling problems that may result from a stay. Moreover, the Court will not exercise its discretion to limit discovery at this stage because MSC has not clearly shown why such a decision would not unduly prejudice Williams or lead to a more efficient resolution of this case. If MSC has legitimate concerns that Williams's discovery requests are overly broad, burdensome, or unnecessary, MSC can raise the issue in the appropriate manner before Magistrate Judge Jonathan Goodman, as set forth in his discovery procedures order. (*See* ECF No. 5.)

Accordingly, the Court **denies** MSC's motion to stay discovery. (**Mot., ECF No. 15**.)

**Done and ordered** in Miami, Florida, on November 3, 2023.

Robert N. Scola, Jr.
United States District Judge